**\*\*E-filed 11/2/10\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCISCO M. ORTIZ, et al., | No. C 10-4812 RS |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| WELLS FARGO BANK, | |
| Defendants. | |

Plaintiffs Francisco M. and Reyna R. Ortiz seek a temporary restraining order and/or a preliminary injunction precluding defendant Wells Fargo Bank from proceeding with a non-judicial foreclosure sale of the Ortiz's home, presently scheduled for November 4, 2010. An application for preliminary relief requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. N.R.D.C., Inc.*, 129 S.Ct. 365, 374 (2008). The Ninth Circuit has clarified, however, that courts in this circuit should still evaluate the likelihood of success on a "sliding scale." *Alliance for Wild Rockies v. Cottrell*, __F.3d __, 2010 WL 3665149, *8 (9th Cir. 2010) ("[T]he 'serious questions' version of the sliding scale

test for preliminary injunctions remains viable after the Supreme Court's decision in *Winter*.") As quoted in *Cottrell*, that test provides that, "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," provided, of course, that "plaintiffs must also satisfy the other *Winter* factors, including the likelihood of irreparable harm." *Id.*

In view of these standards, the plaintiffs' motion is denied for all of the following reasons:

1. To the extent that plaintiffs' claims are based on the allegation that Wells Fargo has not completed its review of their application for a loan modification, they have not established a likelihood that they can prevail in showing that Wells Fargo has any legal obligation to agree to a loan modification.

2. To the extent that plaintiffs' claims are based on a contention that Wells Fargo has not fulfilled a statutory or other duty to communicate with plaintiffs "to help the Plaintiffs to avoid foreclosure of their property," they have not presented sufficient facts or evidence to show they are likely to succeed in proving Wells Fargo violated any such duties, and that it lacks the right to proceed with foreclosure as a result.

3. To the extent that plaintiffs' claims are based on any alleged violations of RESPA, they have not presented sufficient facts or evidence to establish a likelihood of success on the merits of such claims. Plaintiffs' conclusory allegation that they are "certain that Wells Fargo Bank violated RESPA" likely is insufficient even to state a claim under the statute, and does not support issuance of preliminary relief.

4. To the extent that plaintiffs are relying on reports and commentary in the media regarding the "national foreclosure crisis," including reports of fraud and abuses in lending and foreclosure practices, they have not presented sufficient facts or evidence to establish that they are likely to succeed in proving that the specific foreclosure they seek to enjoin in this action is unlawful. The conclusory and non-specific allegations in plaintiffs' brief that some of the documentation is "questionable" are insufficient to support issuance of injunctive relief

5. Finally, the passing allegations in plaintiffs' complaint and briefing that Wells Fargo's name does not appear on the underlying deed of trust and that its right to foreclose is therefore

1  "questionable" do not constitute a factual or legal showing that plaintiffs are likely to prevail on the
2  merits.

4  IT IS SO ORDERED.

6  Dated: 11/2/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Francisco M. Ortiz
Reyna R. Ortiz
1716 Bush Avenue
San Pablo, CA 94806

DATED: 11/2/2010

/s/ Chambers Staff
Chambers of Judge Richard Seeborg